| | |
|---|---|
| DERRICK LEWIS,<br><br>        Plaintiff,<br><br>    v.<br><br>SACRAMENTO COUNTY SCHOOL DIST. et al.,<br><br>        Defendants. | No. 2:20–cv–509–KJM–KJN PS<br><br><u>ORDER GRANTING IFP REQUEST AND RECOMMENDATION TO DISMISS</u><br><br>(ECF Nos. 1, 2.) |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff, who is proceeding without counsel in this action, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) Plaintiff's application in support of his request to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915. Accordingly, the Court GRANTS plaintiff's request to proceed in forma pauperis.

The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

///

---

[1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

Legal Standard

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) dismissal may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). This includes dismissal for raising legally frivolous claims; i.e. claims that lack an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

In evaluating whether a pleading states sufficient facts on which to base a claim, all well-pled factual allegations are accepted as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and the complaint must be construed in the light most favorable to the non–moving party, Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007). The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). Thus, to avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Simply, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 570). Plausibility means pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & fn. 7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and give the plaintiff an opportunity to cure

them—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

Analysis

Here, the entirety of plaintiff's claim is contained in a single paragraph, as follows:

> I have some mobile wireless accounts with Assurance Wireless[,] SafetyNet Wireless[,] and Cloud Mobile (TruConnect), and all of those accounts were being hacked or controlled by a printer and my data, texts, photos, email, were being shared by other customers who had access to my account VCA Mobile Apps, Google Play store, Google Pay, Eby Apps, and Apple Pay. Kyle Buege had access to my account and I filed a complaint with the department of justice and the phone company's [sic] got audited.

(ECF No. 1 at p. 5.) Plaintiff names 25 separate defendants, checks the "federal question" jurisdiction box, claims "fraud, wire transfer, and computer privacy act" violations, and requests 795 million dollars in damages. (See Id.)

Plaintiff's complaint, to the extent that it is intelligible, does not remotely allege sufficient facts from which the court can draw a reasonable inference that any defendant violated federal law. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Instead, the complaint consists almost entirely of fanciful and delusional allegations. The few facts alleged are not clearly tied to any legal claims, and plaintiff utterly fails to connect any of the 25 defendants—a collection of unrelated individuals, businesses, and government entities—to his allegations. Thus, the complaint lacks the "facial plausibility" of "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. For these reasons, it is apparent that amendment would be futile, and so the undersigned recommends that the complaint be dismissed with prejudice.

Further, the court notes that plaintiff has a history of filing cases with this court wherein he requests a waiver of the filing fee—triggering the court's duty to screen under 28 U.S.C. § 1915. A review of these cases demonstrates plaintiff often files suit against numerous defendants (usually in the double-digits), alleges some facet of "identity theft" or "computer fraud" style claims, and requests inordinate amounts of damages (ranging from the hundreds-of-

millions to several billion dollars). These cases have all been dismissed at the screening stage.[2]

This history of litigiousness not only counsels against providing leave to amend, but indicates that a vexatious-litigant label may need to be applied to plaintiff's filings. Under such an order, plaintiff would be barred from filing, and the court would not consider, any frivolous cases brought by plaintiff. See De Long v. Hennessey, 912 F.2d 1144, 1148 (9th Cir. 1990) ("Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants."). Given that this is the first time plaintiff has been warned, the court will not take up a vexatious litigant proceeding at this time. However, plaintiff would do well to heed this warning when considering whether to file such fanciful claims with this court in the future.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to proceed in forma pauperis is granted.

IT IS HEREBY RECOMMENDED that:

1. The action be DISMISSED WITH PREJUDICE; and

2. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the

---

[2] See 2:16-cv-3029 GEB-GGH (dismissing $15 billion damages complaint against 52 defendants for failure to state a claim, despite leave to amend); 2:16-cv-3049-MCE-EFB (dismissing $12 billion damages complaint against 48 defendants for failure to state a claim and failure to amend); 2:17-cv-934-TLN-EFB ($500 million in damages against 17 defendants dismissed for failure to state a claim and failure to amend); 2:17-cv-939-GEB-DB ($400 million claim against 12 defendants dismissed for failure to state a claim and failure to amend); 2:20-cv-00332 JAM-AC (recommending dismissal of frivolous claim without leave to amend); 2:20-cv-330-KJM-EFB (recommending dismissal of $5 million identity-theft claims against 7 defendants as "conclusory"); 2:20-cv-346-TLN-EFB (recommending dismissal of $550 million identity-theft claim for failure to state a claim).

objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: March 27, 2020

_/s/ Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

lewi.509